United States District Court
Southern District of Texas
**ENTERED**
October 12, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-09-424-3 |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-3296 |
| HOWARD GRANT | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] is a *pro se* "Motion to Vacate or Set Aside Void Judgment/Dismiss" filed by former federal prisoner #43671-279, Howard Grant. (Docket Entry No. 1203.)

Having considered the motion, the record, matters of public record, and the applicable law, the Court **DISMISSES** the motion for want of jurisdiction as an unauthorized successive section 2255 motion, as explained below.

### I. BACKGROUND

Grant was convicted by a jury in 2010 of conspiracy to commit health care fraud and two counts of aiding and abetting health care fraud. He was sentenced to a 41-month term of imprisonment in 2011, followed by a three-year term of supervised release. Grant's conviction was affirmed on appeal in June 2012. Public online records for the Bureau of Prisons show that Grant was released from prison in March 2014 to serve his three-year term

---

[1] This case was re-assigned to the undersigned district judge on October 8, 2021.

of supervised release. Grant reports that he successfully completed his term of supervised release in March 2017.

The docket reflects over a decade of unsuccessful and repetitive efforts by Grant to set aside his conviction, including multiple prior section 2255 proceedings. Grant filed his first *pro se* post-judgment motion for relief under section 2255[2] in August 2012, which the Court denied in November 2012. He filed a second *pro se* section 2255 motion in January 2014, which the Court dismissed as an unauthorized successive motion in May 2014. The Fifth Circuit Court of Appeals held that Grant's appeal of the latter dismissal was "utterly baseless," and dismissed the appeal in June 2015.

Grant did not seek authorization to file a successive section 2255 motion from the Fifth Circuit Court of Appeals. Instead, he filed a motion to vacate a void judgment in December 2015, which the Court denied in January 2016. Grant renewed his motion to vacate a void judgment in December 2016, which was denied. The Fifth Circuit dismissed his ensuing appeal as frivolous, and issued a sanctions warning against him.

In May 2017, Grant filed a "petition for writ of coram nobis," re-urging various grounds for relief. The Court denied the petition in September 2017. In March 2020, he filed a motion under Rule 60(b)(4) seeking to set aside a void judgment; the motion was ultimately dismissed as an unauthorized successive section 2255 motion. The Fifth Circuit

---

[2]Grant filed four *pro se* motions and amended motions for relief under section 2255 in 2010 prior to sentencing, all of which were denied as premature.

denied Grant a certificate of appealability on appeal in July 2021, and issued mandate in August 2021. Less than two months later, Grant filed the pending motion to set aside a void judgment and/or dismiss. (Docket Entry No. 1203.)

## II. ANALYSIS

In the pending motion, Grant raises substantive challenges to the validity of his conviction. Therefore, the Court construes the motion as a successive motion filed under section 2255.

This Court has previously advised Grant on more than one occasion that he must obtain authorization from the Fifth Circuit Court of Appeals in order to file and pursue a successive section 2255 motion. A review of public online records for the Fifth Circuit shows that Grant has yet to seek authorization from that court to pursue a successive section 2255 motion. Thus, the pending motion must be dismissed as yet another unauthorized successive motion for relief under section 2255.

The Court notes that Grant's sentence, including his term of supervised release, was fully expired at the time he filed the pending motion. If this were not a successive section 2255 motion, the Court would dismiss it for lack of subject matter jurisdiction, as Grant is no longer in custody for purposes of section 2255. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000); *see also United States v. Bejarano*, 751 F.3d 280, 285 n.4 (5th Cir. 2014). However, as the section 2255 motion is successive, the Court will defer to the authorization requirements of 28 U.S.C. § 2244(3)(A).

## III.  CONCLUSION

The section 2255 motion (Docket Entry No. 1203) is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** as an unauthorized successive section 2255 motion.  A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED TO ADMINISTRATIVELY CLOSE** the related civil case in this matter, C.A. No. H-21-3296 (S.D. Tex.).

Signed at Houston, Texas, on this the ___12___ day of October, 2021.


                                            KEITH P. ELLISON
                                            UNITED STATES DISTRICT JUDGE